■ In the Matter of the DELAWARE, LACKAWANNA AND WESTERN RAIL-ROAD COMPANY, Appellant, against BOARD OF SUPERVISORS OF THE COUNTY OF BROOME, Respondent.— Appeal from an order of a Special Term of the Supreme Court, Broome County. The Board of Supervisors of Broome County has commenced a proceeding in pursuance of section 90 of the Railroad Law to lay out a county highway across the tracks of the Delaware, Lackawanna and Western Railroad. This would extend the Castle Garden Road, a county highway in the town of Vestal, to connect with Route 17 on the other side of the tracks. At the place where the crossing would be laid out, a crossing formerly existed which was closed on application of the Town of Vestal by an order of the Public Service Commission December 9, 1948. All the parties in that proceeding and the commission seem to have regarded the road as a town road; but it is now clear that it was then, as well as now, a county road. The railroad has commenced this proceeding under article 78 of the Civil Practice Act to restrain the action of the Board of Supervisors on the ground that section 90 of the Railroad Law applies only to " new " roads; and that when the Public Service Commission has closed an existing crossing another crossing to be laid out in the same place may not be authorized in a proceeding instituted by the local public authority under section 90. The railroad's petition pleads that the proceeding commenced by the county is " an unlawful collateral attack upon said Order of the Public Service Commission * * * which is binding on the parties hereto " and beyond the jurisdiction of the Board of Supervisors. The court at Special Term has dismissed the petition of the railroad. A " new " road, within the frame of the statutory language read in context does not necessarily mean that no road or street has ever been in the same place before. It means, merely, that there is no road there presently. The preliminary local proceeding under the statute does not physically open the crossing or affect the prior order of the Public Service Commission. It merely takes the first local steps needed to obtain authority to open the crossing. The crossing cannot be laid out across the tracks until after the Public Service Commission has given its approval to the proposed crossing. The preliminary steps to a proceeding which leads back along a statutory path to the commission's door is not an unlawful " collateral attack " on the commission's prior order. The suggestion of the railroad is that the proper way for the county to proceed is to apply to the commission under section 91, which deals with " alteration of existing crossing ". But the county officers who considered this step first were advised by the Public Service Commission counsel that the way to proceed was under section 90. The commission files a brief here *amicus curiæ* in support of the procedure now followed by the supervisors. We think the order at Special Term dismissing the petition was correct. Order unanimously affirmed, with $10 costs to the respondent. Present —Bergan, J. P., Coon, Halpern, Zeller and Gibson, JJ.